HARRIS, J.
We find no merit to this appeal. Appellant’s sole contention is that he was denied his right to self-representation. The record reflects that Little never requested to represent .himself and, even more importantly, he seems to have done so in any event.
With his attorney present, Little and the State negotiated a satisfactory plea agreement under which Little received nine years in prison. After Little indicated that he accepted the agreement and would enter the plea, his attorney stated to the court:
I want to place on the record that Mr. Little has advised me on numerous occasions that he was going to represent himself at trial today if this ivere to proceed to trial. He doesn’t trust me. He doesn’t believe that I have done a good job on this case. But he’s gone over the plea form with me and he’s understood everything.
(Emphasis added.)
One, the matter did not proceed to trial and two, the defendant himself indicated that he wished to accept the plea agreement. When asked whether he was satisfied with his attorney, Little responded that he was not but added: “I will plead to that. I’ll represent myself.” Little represented himself in determining to enter the plea and in entering the plea. He was sentenced in accordance with the plea and the trial court committed no error.
AFFIRMED.
PETERSON and SAWAYA, JJ., concur.